**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

v.

LANCE GREEN,

Defendant.

NO. 3:18-CR-21

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Before me is Lance Green's ("Green") Motion to Dismiss (Doc. 65) for violations of the Speedy Trial Act 18 U.S.C. § 3161, *et seq*. ("Act"). Green submits two arguments in support of this motion. First, he contends the Government failed to indict him within thirty days of his arrest, in violation of 18 U.S.C. § 3161(b). (*See* Doc. 66 at 4–5). Second, Green argues the Government failed to bring him to trial within seventy days of his arraignment, in violation of 18 U.S.C. § 3161(c)(1). (*See id.* at 5). These arguments are fully briefed and are ripe for disposition.

### I. Background

On October 5, 2017, Borough of Kingston Police took Green into custody following a traffic stop. (*Id.* at 1). Kingston Police later obtained a search warrant for Green's residence at 143 Second Ave., Kingston, PA. (*See id.*). The search, conducted by Kingston Police and Federal Alcohol, Tobacco, Firearms, and Explosives (ATF) Agents, produced a firearm with an obliterated serial number. (*Id.*). That same day, Kingston Police charged Green with possessing

an unlawful firearm and possessing a firearm with an obliterated serial number, in violation of Pennsylvania law. (*See id.*). Related to the incident on October 5, the Government indicted Green for various weapons violations pursuant to 18 U.S.C. §§ 922(g)(1), 924(e), 922(k) on January 23, 2018. (*See* Doc. 1). Green now brings this motion to dismiss for violations of the Act. (Doc. 65).

## II. Legal Standard

The Act requires the Government to indict a defendant "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."18 U.S.C. § 3161(b). If the Government does not bring an indictment against the defendant within thirty days, "such charge[s] against that individual contained in such complaint shall be dismissed or otherwise dropped." *Id.* § 3162(a)(1). In addition, § 3161(c)(1) provides

> In any case in which a plea of not guilty is entered, the trial of a defendant . . . shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

*Id.* at § 3161(c)(1). If more than seventy days elapses before the defendant is brought to trial, and the cause of the delay does not fit within an exclusion specified in § 3161(h), the indictment must be dismissed. *See Zedner v. United States,* 547 U.S. 489, 498 (2006) ("If a trial does not begin on time, the defendant may move, before the start of trial or the entry of a guilty plea, to dismiss the charges, and if a meritorious and timely motion to dismiss is filed, the district court must dismiss the charges . . . ."); *United States v. Lattany,* 982 F.2d 866, 871 (3d Cir. 1992).

## III. Discussion

### A.     18 U.S.C. § 3161(b)

Green first argues that more than thirty days elapsed from his arrest on October 5, 2017,

until he was indicted in federal court on January 23, 2018, violating § 3161(b). (*See* Doc. 66 at 1); *see also* 18 U.S.C. § 3161(b). Green relies on *DeTienne*, a Seventh Circuit case which, in *dicta*, states: "[I]f the crimes for which a defendant is ultimately prosecuted really only gild the charge underlying his initial arrest and the different accusatorial dates between them are not reasonably explicable, the initial arrest may well mark the speedy trial provision's applicability as to prosecution for all the interrelated offenses." *United States v. DeTienne,* 468 F.2d 151, 155 (7th Cir. 1972).

Because the state and federal charges arise from the same conduct and involve similar laws, Green argues he needed to be indicted within thirty days of his October 5, 2017 arrest by state law enforcement officers. (*See* Doc. 66 at 4). This, however, runs contrary to Third Circuit precedent. In *Watkins*, the defendants argued the Government could not bring conspiracy charges more than thirty days after they were indicted because "the proofs underlying the two [state and federal] charges are the same." *United States v. Watkins,* 339 F.3d 167, 177 (3d Cir. 2003). In rejecting that argument, the court declined to adopt the "gilding exception" discussed in *De Tienne*. *Id.* at 177–78 ("Whether the proofs underlying the two charges are identical is no different than whether the charges in the indictment are 'based on the same underlying conduct as the initial complaint,' *i.e.,* the transaction test we specifically rejected in *Oliver*.") (quoting *United States v. Oliver,* 238 F.3d 471, 473 (3d Cir. 2001)).

Further contradicting Green's argument, in *Himmelreich*, local police charged the defendant with violating state child pornography laws. *See United States v. Himmelreich,* 265 F. App'x 100, 100–02 (3d Cir. 2008). The Government later indicted him for violating the equivalent federal statute, 18 U.S.C. § 2251(b). *Id*. Himmelreich argued that because a joint

federal and state task force arrested him, the time for the Government to file an indictment began to accrue when he was arrested by state officials. *See id*. at 103. The court rejected this argument and said, "a 'joint state-federal investigation' leading to a defendant's arrest and detention by state officers does not implicate the Speedy Trial Act until the defendant is taken into federal custody." *Id.* (quoting *United States v. Thomas,* 55 F.3d 144, 148 (4th Cir. 1995)). Likewise, even if the ATF did take part in executing the search warrant on Green's residence, that search did not start the thirty days to bring an indictment. *See id.* Therefore, the indictment against Green will not be dismissed on § 3161(b) grounds.

**B.     18 U.S.C. § 3161(c)(1)**

Green also moves to dismiss the indictment because more than seventy non-excludable days elapsed from June 13, 2018, until September 26, 2018, violating § 3161(c)(1). (*See* Doc. 65 at ¶ 4); 18 U.S.C. § 3161(c)(1).

The Government concedes that one hundred and thirty-three non-excludable days ran between Green's initial appearance on June 13, 2018, until his Motion to Suppress was filed on September 26, 2018. (Doc. 67 at 5). This delay exceeds the statutory period by sixty-three days; requiring dismissal of the indictment. *See* 18 U.S.C. § 3161(c)(1). Because of this, I must determine whether dismissal should be with or without prejudice. *Id.*

An evaluation of three statutory factors guides my decision regarding dismissal. *Id.* First, I must consider the seriousness of the offense. 18 U.S.C. § 3162(a)(2). "This element centers primarily on society's interest in bringing the particular accused to trial." *United States v. Stevenson,* 832 F.3d, 412, 419 (3d Cir. 2016) (internal quotations omitted). Firearms offenses are serious crimes which favor dismissal without prejudice under the Act. *See id*. at 420 ("We join

our sister courts today and hold that . . . heroin and firearms offenses are serious crimes for purposes of the Speedy Trial Act."). Green is currently charged with two firearms related offenses. (*See* Doc. 1). This fact suggests dismissal without prejudice.

The second consideration requires me to look at the facts and circumstances which led to dismissal. *See* 18 U.S.C. § 3162(a)(2). "This factor requires courts to consider the reasons for the delay . . . ." *Stevenson,* 832 F.3d at 420. "Where the delay is the result of intentional dilatory conduct, or a pattern of neglect on the part of the Government, dismissal with prejudice is the appropriate remedy." *United States v. Saltzman,* 984 F.2d 1087, 1093–94 (10th Cir. 1993). Here, there does not appear to be any bad faith or intentional dilatory conduct on the part of the Government. Green argues the Government's failure to request a trial date was "negligent." (Doc. 70 at 4). However, this one unexcused delay does not amount to negligence or neglect. *See United States v. Hernandez,* 863 F.2d 239, 244 (2d Cir.1988) ("[A]n isolated unwitting violation of the Speedy Trial Act cannot support a dismissal with prejudice.") (internal quotations omitted).

Lastly, I must consider the effect of reprosecution on the administration of justice. *See* 18 U.S.C. § 3162(a)(2). This factor considers whether Green faced "actual prejudice" as a result of the delay. *See Stevenson,* 832 F.3d at 422. Courts have favored reprosecution when the charges against the defendant are serious and the delay is short. *United States v. Archer,* 984 F. Supp. 321, 324 (E.D. Pa. 1997). Green's firearms violations, as discussed above, are serious crimes. Moreover, the statutory period has only been exceeded by approximately sixty days—a short delay for speedy trial purposes. *See, e.g.*, *Hakeem v. Beyer,* 990 F.2d 750, 771 (3d Cir. 1993) (fourteen and one-half month delay was not prejudicial to the defendant); *Archer,* 984 F. Supp. at

324 (seventy-five day delay was not prejudicial). In sum, all the statutory factors weigh in favor of dismissal without prejudice, so the indictment will be dismissed without prejudice.

## IV. Conclusion

For the above stated reasons, Green's motion to dismiss will be granted and the indictment will be dismissed without prejudice.

An appropriate order follows.

July 19, 2019                                    /s/ A. Richard Caputo
Date                                              A. Richard Caputo
                                                  United States District Judge